NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

APR 20 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 16-30081 |
| Plaintiff-Appellee, | D.C. No. 1:14-cr-00125-SPW-1 |
| v. | |
| RYAN ANTHONY CISLO, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Montana
Susan P. Watters, District Judge, Presiding

Argued and Submitted April 4, 2017
Seattle, Washington

Before: **KOZINSKI** and **W. FLETCHER**, Circuit Judges, and **TUNHEIM**,**
Chief District Judge.

**1.** Cislo argues that the district court erred by denying his motion to

suppress evidence of three guns found during the search of his bedroom. As part

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

** The Honorable John R. Tunheim, Chief United States District Judge
for the District of Minnesota, sitting by designation.

of his probation, Cislo was subject to a number of conditions, including that he "must submit at any time upon reasonable suspicion to the warrantless search of his residence." If Cislo wasn't kicked out of Johnson's house and maintained a reasonable expectation of privacy in the bedroom, the search was a valid probation search. If he was kicked out of Johnson's house, he had no reasonable expectation of privacy in the bedroom and, therefore, no standing to challenge the search. Cf. United States v. Davis, 332 F.3d 1163, 1167 (9th Cir. 2003). Although the district court should have provided Cislo with an opportunity to be heard before basing its decision on the rejection of a stipulation, any error was harmless because the motion to suppress would have failed on either ground.

2.      The district judge didn't abuse her discretion in admitting hearsay evidence at the suppression hearing. "At a suppression hearing, the court may rely on hearsay and other evidence, even though that evidence would not be admissible at trial." United States v. Raddatz, 447 U.S. 667, 679 (1980) (citations omitted).

3.      Even if we assume that the district court shouldn't have admitted Johnson's hearsay statement under Federal Rule of Evidence 803(5), any error was harmless. Contrary to Cislo's argument, this wasn't the "only evidence that Mr. Cislo ever had physical control of any of the three firearms." "To prove

constructive possession, the government must prove a sufficient connection between the defendant and the contraband to support the inference that the defendant exercised dominion and control" over the guns. United States v. Terry, 911 F.2d 272, 278 (9th Cir. 1990) (internal quotation marks and citation omitted). Two of the handguns were found under the mattress of Cislo's bed. There was sufficient evidence of constructive possession to support the jury's verdict, even in the absence of Johnson's hearsay statement. See id. (holding that there was sufficient evidence of constructive possession under similar circumstances).

4.     The district court didn't abuse its discretion by refusing Cislo's proposed remedial jury instruction. Before granting a remedial jury instruction, a district court must consider "whether the evidence was lost or destroyed while in [the Government's] custody, whether the Government acted in disregard for the interests of the accused, whether it was negligent . . ., and, if the acts were deliberate, whether they were taken in good faith or with reasonable justification." United States v. Sivilla, 714 F.3d 1168, 1173 (9th Cir. 2013) (internal quotation marks and citation omitted). The district court did not err in concluding that law enforcement deliberately—and in good faith—decided not to seize the gun safe because possession of a safe wasn't a violation of Cislo's probation.

**AFFIRMED.**